IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| VALYRIAN IP LLC,<br><br>      *Plaintiff*,<br><br>v.<br><br>AT&T INC.,<br><br>      *Defendant*. | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Valyrian IP LLC ("Valyrian IP" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against AT&T Inc. ("AT&T" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,970,706, titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System" (the '706 Patent), attached hereto as Exhibit A.

### NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

### PARTIES

3. Plaintiff Valyrian IP LLC is a company established in Texas with its principal place of business at 6205 Coit Rd., Suite 300-1025, Plano, TX 75024.

4. On information and belief, Defendant AT&T Inc. is a company incorporated in Texas with regular and establishes places of business in this District. Defendant may be served by its registered agent the C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant is incorporated in Texas and has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the products which contain the infringing '706 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant has regular and established places of business in this district, has transacted business

in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On November 29, 2005, United States Patent No. 6,970,706 was duly and legally issued by the United States Patent and Trademark Office. The '706 Patent is titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System."

11. Valyrian IP is the assignee of all right, title and interest in the '706 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '706 Patent. Accordingly, Valyrian IP possesses the exclusive right and standing to prosecute the present action for infringement of the '706 Patent by Defendant.

12. The application leading to the '706 patent was filed on December 5, 2000.

13. The present invention relates to personal telephone systems that are able to transmit and receive digital signals between fixed sets and fixed stations in a cordless system. (Ex. A, at 1:8-10.) More particularly, the present invention relates to providing a hierarchical call control with a selective broadcast messaging service in a cordless telephone system. (Ex. A at 1:11-13.)

14. Time division multiple access (TDMA) cordless phone systems provide a base unit which is able to provide connections for a plurality of mobile units, such as handsets. (Ex. A at 1:16-18.) Such TDMA systems use time division to provide a plurality of slots, where the base (fixed part) transmits to an individual (portable unit) mobile unit during a particular slot of time and receives from the individual mobile unit during a particular slot of time. (Ex. A at 1:19-23.)

15. At the time of the inventions, there was a lack of capability to simultaneously send

a voice message to all mobile units associated with a base unit. (Ex. A at 1:39-42.) Since conventional cordless telephone systems did not provide a broadcast mode, it was impossible for a base station to send a call from an identified caller to only a specific mobile unit. (Ex. A at 1:49-52.) Conventional cordless systems were also incapable of broadcasting a message deemed to be an important message to all, or even a selected group, of mobile units. (Ex. A at 1:52-55.)

16. The inventions disclosed in the Patents-in-Suit were not well-understood, routine, or conventional. At the time the Patent-in-Suit was filed, there existed various problems in how mobile communications devices processed environmental inputs. In a cordless phone system having a base station and a plurality of mobile units, it is desirable to provide a mechanism whereby an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only selected mobile units. (Ex. A at 1:56-62.)

17. To achieve the foregoing and other objects and in accordance with the purpose of the present invention a method for providing a hierarchical call control paradigm in a cordless telephone system is described. (Ex. A at 1:66-2:2). The inventive hierarchical call control controls incoming calls depending on their phone number or settings that the customer programs into his system i.e. that he does not want to be disturbed by broadcast. (Ex. A at 2:2-6.)

18. The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in computerized electronic data communications networks and an improved method for managing mobile device communication.

19. Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind. Indeed, they are rooted in providing a mechanism whereby

an identified call is Sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only Selected mobile units. And one of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in limiting mobile device communication by aggregating information from mobile device sensors and/or other information sources, the solutions it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

20.  Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its AT&T Office@Hand system (collectively, the "Accused Product" or "Accused Instrumentality").

## DEFENDANT'S KNOWLEDGE OF THE '706 PATENT

21.  Through its intellectual property holding company AT&T Intellectual Property I, L.P., Defendant AT&T directly cites the '706 Patent in its own patents.

22.  By way of example, AT&T cites the '706 Patent in U.S. Patent 9,659,147 titled "Virtual physician office systems and methods." (Attached hereto as Exhibit B.) Additionally, AT&T cites the '706 Patent in various patent applications, including: US20160127554A1, titled "Computer Telephony Integration (CTI) Complete Healthcare Contact Center" and US20160241715A1 titled "Methods, systems, and products for routing communications."

<u>COUNT I</u>
**(Infringement of U.S. Patent No. 6,970,706)**

23. Plaintiff incorporates the above paragraphs herein by reference.

24. The '706 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 29, 2005. The '706 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

25. Plaintiff is the owner by assignment of the '706 patent and possesses all rights of recovery under the '706 patent, including the exclusive right enforce the '706 patent and pursue lawsuits against infringers.

26. Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe on one or more claims of the '706 Patent—directly, contributorily, and/or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

**<u>Direct Infringement – 35 U.S.C. § 271(a)</u>**

27. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

28. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '706 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

29. Defendant has been and now is directly infringing by, among other things,

practicing all of the steps of the '706 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

30. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '706 Patent, including at least Claim 1. Attached hereto as Exhibit C is an exemplary claim chart detailing representative infringement of Claim 1 of the '706 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

31. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

32. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '706 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendant's customers and other third parties interacting with the accused technology.

33. Defendant had pre-suit knowledge of the Patents-in-Suit as explained above in ¶¶ 21-22. Defendant's post-suit knowledge is inferred from filing of this complaint. See *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (finding that defendant's post-suit knowledge can be inferred from filing of the suit).

34. Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in

commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement"). For example, Defendant encourages visitors to its website to infringe, inviting them to "Enjoy an easy-to-use phone, fax, messaging and conferencing system that lets you spend more time serving customers, not managing communications," invites them to "Let employees work virtually anywhere from smartphones, tablets, softphones or desktop IP phones and enhance their ability to connect with their customers" *See* Ex. D (available at https://www.business.att.com/products/office-at-hand.html) (last visited March 30, 2020). And Defendant teaches third parties how to use the device in an infringing way. *See, e.g.,* Ex. E (available at https://asecare.att.com/tutorials/assisted-provisioning-for-yealink-t-21-or-yealink-w52p-ip-phones-8682/?product=AT&T%20Office@Hand) (last visited March 17, 2020). Defendant provides third parties with detailed instruction demonstrating how Account Administrators can provision their Yealink T21P or Yealink W52P Phone on their AT&T Office@Hand Online account.

35. The allegations herein support a finding that Defendant induced infringement of the '706 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

**Contributory Infringement – 35 U.S.C. § 271(c)**

36. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

37. On information and belief, Defendant contributorily infringes on Plaintiff's '706

Patent. Defendant had pre-suit knowledge of the Patent-in-Suit as explained above in ¶¶ 21-22. Defendant's post-suit knowledge is inferred from filing of this complaint. See *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (finding that defendant's post-suit knowledge can be inferred from filing of the suit).

38. On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

39. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

40. On information and belief, Defendant had pre-suit knowledge of the Patent-in-Suit as explained above in ¶¶ 21-22. Defendant's post-suit knowledge is inferred from filing of this complaint. See *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (finding that defendant's post-suit knowledge can be inferred from filing of the suit).

41. Despite knowing that it was infringing the Patent-in-Suit, Defendant made no effort to license Plaintiff's technology. Defendant has made no effort to design its products or services around the '706 Patent. These actions demonstrate Defendant's blatant and egregious disregard for Valyrian IP's patent rights.

42. Despite its knowledge of the '706 Patent, Defendant has sold and continue to sell the Accused Product in egregious disregard of Valyrian IP's patent rights. As such, Defendant has

acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '706 Patent, justifying an award to Valyrian IP of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

43. Defendant's acts of infringement of the '706 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '706 Patent will continue to damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

### REQUEST FOR RELIEF

44. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)  enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the '706 Patent;

(b)  enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)  enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '706 Patent;

(d)  issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting

in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '706 Patent;

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: March 30, 2020                              Respectfully submitted,


                                                   By: /s/ Kirk Anderson

                                                   KIRK. J. ANDERSON (CA SBN 289043)
                                                   kanderson@budolaw.com
                                                   BUDO LAW P.C.
                                                   5610 Ward Rd., Suite #300
                                                   Arvada, CO 80002
                                                   (720) 225-9440 (Phone)
                                                   (720) 225-9331 (Fax)

                                                   *Attorney(s) for Plaintiff Valyrian IP LLC*